## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THOMAS GEBKA, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Misc. Case No. _____ |
| v. | ) ) | |
| EVERQUOTE, INC., | ) ) | |
| Defendant. | ) ) | |
| | ) | |
| THOMAS GEBKA, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Underlying action pending in the U.S. District Court for the Northern District of |
| v. | ) ) | Illinois, Eastern Division |
| ALLSTATE INSURANCE COMPANY, a Delaware limited liability company, | ) ) ) | Case No. 1:19-cv-06662 |
| Defendant. | ) | |

### MOTION TO TRANSFER TO UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS MOTION TO COMPEL
### <u>COMPLIANCE WITH RECORDS SUBPOENA ISSUED BY THAT COURT</u>

This Motion concerns Plaintiff's contemporaneously-filed motion to compel EverQuote, Inc. ("Everquote") to comply with a records subpoena (the "Motion to Compel"). Pursuant to Fed. R. Civ. P. 45(f), Plaintiff respectfully moves the Court to transfer the Motion to Compel to the United States District Court for the Northern District of Illinois—the court that issued the subpoena, and the court before whom the underlying class action *Gebka v. Allstate Ins. Co.*, No. 1:19-cv-06662 ("Underlying Action") is pending—to avoid inconsistent rulings and ensure the Motion to Compel ruling does not interfere with that court's management of the Underlying Action.

109154_3

## INTRODUCTION

Plaintiff filed the Underlying Action in 2019, alleging The Allstate Corporation ("Allstate") and its agencies engaged in an illegal telemarketing scheme to advertise Allstate insurance via unsolicited telephone calls to persons who had no prior relationship with Allstate. *See* Second Amended Complaint, ECF No. 95 (hereinafter cited "*SAC*"), at ¶¶ 2-3.[1]  The Underlying Action claims the calls violated the Telephone Consumer Protection Act ("TCPA"). Plaintiff seeks to represent classes of persons who received telemarketing calls made or commissioned by any of Allstate's third-party vendors, such as Everquote.  *SAC* ¶¶ 120-21.

Roughly ten months after the Underlying Action was filed, with the parties on the verge of completing written discovery, Plaintiff received yet another telemarketing call on behalf of Allstate, this time using an artificial and/or prerecorded voice (hereinafter, one of the "prerecorded calls").  *SAC* ¶¶ 50-53.  To trace who was calling, Plaintiff provided a fictitious tracking name and information he has never otherwise used.  *Id.* ¶¶ 54-57.  Within less than one hour later, an Allstate agency had received Plaintiff's tracking name from Everquote and called him advertising insurance.  *Id.* ¶ 58; *see also id.* ¶¶ 59-61.  The Allstate agency's production pursuant to Plaintiff's subpoena confirms his name was obtained from Everquote.

The prerecorded calls violated the TCPA, and Plaintiff is pursuing that claim individually and on a class basis in the Underlying Action pursuant to the recently-filed Second Amended Complaint.  *See* ECF No. 95.

Plaintiff began the process of obtaining the merits and class discovery indispensable to those claims by, *inter alia*, subpoenaing Everquote and the Allstate agency, he advised the judges before whom the Underlying Action is pending of those ongoing efforts, and he moved to file an

---

[1] The citation format "ECF No. __" herein is used to cite pleadings filed in the Underlying Action.

109154_3

amended complaint and modify the scheduling order in the Underlying Action. *See* ECF Nos. 58, 60. The motion for leave to amend was granted, *see* ECF Nos. 77, 94, and the operative pleading is now a Second Amended Complaint, *see* ECF No. 95.

Allstate does not oppose Plaintiff's motion to modify the scheduling order in the Underlying Action, which has been fully-briefed since November 25, 2020. *See* ECF Nos. 60, 64, 68. Various scheduling order deadlines in the Underlying Action have now expired, and all of those deadlines will need to be reset by the court in the Underlying Action. The motion to amend the scheduling order is obviously going to be granted as the entire reason for amending the schedule was to obtain discovery about the prerecorded calls related to Everquote, and since the motion was filed, the court in the Underlying Action has now *twice* granted Plaintiff leave to file an amended complaint addressing the prerecorded calls. *See* ECF Nos. 77, 79, 94, 95.

While Allstate also moved to stay the Underlying Action pending the Supreme Court's opinion in *Facebook, Inc. v. Duguid*, No. 19-511, *see* ECF Nos. 64, 71-72, *Facebook* has now been decided, Plaintiff filed a Second Amended Complaint removing the claims affected by the *Facebook* holding, that holding does not impact the prerecorded calls related to Everquote, and the Underlying Action is not stayed. Thus, the motion to stay is clearly going to be denied as moot. (The motion to modify the scheduling order and the motion to stay currently pending in the Underlying Action are collectively referred to herein as the "Underlying Motions.")

At the same time, Everquote admits that it received Plaintiff's tracking information from a third-party but refuses to produce its written agreement with that third-party, purportedly based on the pendency of the Underlying Motions. This excuse is just one in a long list of conditions Everquote unilaterally decided must be satisfied before it will produce the agreement. The list began with (1) a request for the agreed confidentiality order in the Underlying Action to be

amended so that non-parties can designate documents confidential.  *See Nov. 2020 Email* at 1, attached as **Exhibit 1**.  The list then ballooned, with Everquote subsequently refusing to produce its agreement with the third-party who sent Everquote Plaintiff's tracking information unless: (2) Plaintiff's motion to amend the complaint in the Underlying Action was granted; (3) Allstate's motion to stay the Underlying Action was denied; and (4) Plaintiff withdraws *every* other request in the subpoena.  *See Meet & Confer Email Thread* at 6 (¶ 3), 8, attached as **Exhibit 2**.  Now that those first three conditions are moot, Everquote has started creating new conditions-precedent to compliance.  *See id.* at 2 (noting in ¶ 3 filing of motion in Underlying Action, creating new condition related to decision of that motion which is now moot).[2]

Therefore, the Motion to Compel should be transferred to the Northern District of Illinois so that all of the motions can be decided together in a consistent manner which does not interfere with that court's management of the Underlying Action.

## ARGUMENT

### I.    Transferring the Motion to Compel is Necessary to Avoid Inconsistent Rulings and Disrupting the Northern District of Illinois' Management of the Underlying Action.

Rule 45 provides: "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f). Regarding what constitutes "exceptional circumstances," the advisory committee explains:

> [T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

---

[2] Aside from the agreement, Everquote flatly refuses to produce any other responsive documents or ESI except for the six (6) documents it has produced to date.

Fed. R. Civ. P. 45, Notes of Advisory Committee on 2013 amendments, Subdivision (f).

"Factors in concluding that exceptional circumstances exist include the procedural posture of the underlying case, the duration of its pendency, discovery deadlines in that action, and the issuing court's familiarity with the underlying cases." *Cadence Pharm., Inc. v. Multisorb Techs., Inc.*, 2016 U.S. Dist. LEXIS 107769, at *13 (W.D.N.Y. Aug. 15, 2016) (collecting cases).

Ultimately, however, "exceptional circumstances exist warranting transfer where 'a ruling on the motion . . . could be inconsistent with the rulings of the issuing court or involves determination of a question central to the pending litigation . . . .'" *In re Motion to Quash Subpoena Issued to Non-Party JPMorgan Chase Bank, N.A.*, 2017 U.S. Dist. LEXIS 212679, at *7-8 (S.D. Ind. Dec. 28, 2017) (hereinafter, "*In re Motion to Quash Chase Subpoena*"). "Transfer may also be appropriate where it would allow for 'consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora . . . .'" *Id.* at *8.

All of those circumstances exist in the instant case. Everquote is refusing to comply with the subpoena until, *inter alia*, the Underlying Motions are decided. The Underlying Motions are pending before the Northern District of Illinois, and those motions as well as the Motion to Compel pending before this Court all involve questions central to the Underlying Action—*i.e.* will Everquote be compelled to comply with the discovery that is indispensable to Plaintiff's and the class members' prerecorded call claims that the court in the Underlying Action granted Plaintiff leave to pursue, and will the scheduling order be amended to allow adequate time for all discovery necessary to those claims in light of Everquote's ongoing refusal to comply before the discovery schedule is amended.   As such, transferring the Motion to Compel to the Northern District of Illinois will allow for consolidation of all of those motions in a single court appropriate court, thereby avoiding piecemeal litigation in multiple fora.

By contrast, having different courts decide the Motion to Compel and the Underlying Motions could result in inconsistent rulings. For instance, the Northern District of Illinois has now determined that the prerecorded calls should be litigated as part of the Underlying Action, and accordingly, granted Plaintiff leave to amend the complaint. *See* ECF Nos. 77, 94. It is thus now a certainty that the Northern District of Illinois will extend the scheduling order to allow Plaintiff time to obtain discovery related to the prerecorded calls—an indispensable part of which is the discovery sought by the subpoena at issue in this Motion. Yet this Court denying the Motion to Compel would completely frustrate both rulings.

Furthermore, the procedural posture of the Underlying Action strongly favors transfer because Everquote is attempting to use the pendency of the Underlying Motion and other circumstances the court in the Underlying Action is already familiar with and controls as an excuse to needlessly delay complying with the subpoena.

Having different courts decide the Motion to Compel and the Underlying Motions is also likely to disrupt the Northern District of Illinois court's management of the Underlying Action, which would certainly occur if the Northern District of Illinois extends the deadlines to allow prerecorded call discovery while this Court denies the Motion to Compel. It could also occur in more subtle ways which are just as costly. For instance, if the Northern District of Illinois and this Court have different views about the time periods that should or will be allowed to obtain or comply with the necessary discovery for the prerecorded call claims, and thus, the period allowed by one order winds up being too long or too short for it to work in conjunction with the other order. Not only would this inconsistency interfere with the Northern District of Illinois' management of the Underlying Action, but the motion practice necessary to bring the schedules into line would consume judicial and party resources that a transfer now will avoid.

As a result, Plaintiff's Motion to Compel should be transferred to the Northern District of Illinois. *See In re Motion to Quash Chase Subpoena*, 2017 U.S. Dist. LEXIS 212679 at \*8 (finding exceptional circumstances exist because, *inter alia*, "transferring the Motion to Quash in this case would allow one Court . . . to decide both motions, thus promoting judicial efficiency, ensuring against inconsistent results, and avoiding piecemeal litigation"); *Cadence Pharm.*, 2016 U.S. Dist. LEXIS 107769 at \*18 (granting motion to transfer, citing "the timing of discovery completion in the issuing court" and aptly observing that, "[w]hile this Court strives for prompt dispositions, the issuing court would be in a better position to adjudicate this matter within the existing deadlines or to extend the discovery schedule in light of this matter"); *Parks, LLC v. Tyson Foods, Inc.*, 2015 U.S. Dist. LEXIS 110490, at \*5-6 (W.D. Pa. Aug. 20, 2015) (granting motion to transfer, holding "[a]ny possible burden on Super Bakery by being required to respond to the motion to compel compliance with the subpoena in the Eastern District of Pennsylvania is outweighed by the risk that proceedings in this court would disrupt the issuing court's management of the underlying litigation or be inconsistent with that court's rulings on the same, or similar issues"); *Deman Data Sys. v. Schweikert*, 2015 U.S. Dist. LEXIS 197528, at \*4, \*6 (E.D. Ky. Jan. 12, 2015) (finding exceptional circumstances and transferring because "ruling on the pending Motion to Compel (Doc. # 1) could disrupt the Florida District Court's management of the Florida case" and "[t]ransferring the Motion will permit the Florida District Court to determine whether enforcing compliance with the Subpoena is appropriate given the extensive history of the case, its current case schedule"); *Elliott v. Mission Tr. Servs., LLC*, 2014 U.S. Dist. LEXIS 172538, at \*7 (W.D. Tex. Dec. 12, 2014) (magistrate recommendation finding exceptional circumstances because "[t]ransfer of the instant motion would provide for consistent outcomes, and avoid unnecessary disruption of the Illinois court's case management"), *adopted by* 2015 U.S. Dist. LEXIS 183155,

at *3 (W.D. Tex. Jan. 7, 2015) (transferring subpoena-related motions to issuing court).

In any event, exceptional circumstances separately exist because one of the issues presented by the Motion to Compel is whether Plaintiff's subpoena to Everquote is appropriate given the pendency of the Underlying Motions, and both judges in the Underlying Action have already implicitly ruled the subpoena is proper.  Indeed, Plaintiff asserted in the motion for leave to amend and the motion to modify the scheduling order that he had issued a subpoena to Everquote for records related to the prerecorded calls.  *See* ECF No. 58 ¶ 6; ECF No. 60 ¶ 11.  District Judge Coleman and Magistrate Cummings subsequently issued several orders related to those motions and Allstate's motion to stay, none of which questioned the subpoena much less ordered Plaintiff to withdraw it pending resolution of those motions.  *See* ECF Nos. 62, 63, 69.  The Motion to Compel should be transferred for this reason as well.  *See Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court.").

In sum, the criteria for "exceptional circumstances" under Rule 45(f) are satisfied, and Plaintiff's Motion to Compel should therefore be transferred to the Northern District of Illinois to be decided with the Underlying Action.

## II.   Transferring the Motion to Compel Causes Everquote No Prejudice or Undue Burden.

There is no burden to Everquote in transferring the Motion to Compel out of this District. Everquote does business nationwide, and it has both prosecuted and defended litigation throughout the country.  *See, e.g.*, *Scavo v. Everquote, Inc., et al.*, No. 2:20-cv-03713 (E.D. Pa.); *Runyon v. Everquote, Inc.*, No. 1:20-cv-01206 (D. Colo.); *EverQuote, Inc. v. Follow My Lead Marketing, LLC*, No. 9:19-cv-81488 (S.D. Fla.); *Friedman v. Everquote Inc. et al.*, No. 2:16-cv-01269 (C.D.

Cal.).  Transferring the Motion to Compel likewise imposes no burden on Everquote's counsel. *See* Fed. R. Civ. P. 45(f) ("if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion [to enforce] was made, the attorney may file papers and appear on the motion as an officer of the issuing court" following transfer of the motion); *id.*, Notes of Advisory Committee on 2013 amendments, Subdivision (f) ("If the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending.").

As such, there is no compelling need to have Plaintiff's Motion to Compel be litigated in this District, and any interest Everquote has in local resolution of that motion is outweighed by the exceptional circumstances detailed above.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order transferring Plaintiff's contemporaneously-filed motion to compel EverQuote, Inc. to comply with the subpoena (ECF No. 1 in the case before this Court) to the United States District Court for the Northern District of Illinois to be decided in the underlying lawsuit *Gebka v. Allstate*, No. 1:19-cv-06662 (N.D. Ill.) alongside the Underlying Motions currently pending therein, and awarding such additional relief as the Court deems just and proper.

Dated: June 9, 2021

Respectfully Submitted,

THOMAS GEBKA, individually and on behalf of all others similarly situated, Plaintiffs

By: /s/ Anthony I. Paronich

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043

109154_3

(617) 485-0018
(508) 318-8100 (fax)
anthony@paronichlaw.com

Keith J. Keogh (pro hac vice pending)
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
(312) 726-1093 (fax)
keith@keoghlaw.com

***Attorneys for Plaintiff and the Putative Class***

109154_3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 9, 2021, I caused a copy of the foregoing ***Motion to Compel Compliance with Records Subpoena Issued by United States District Court for the Northern District of Illinois*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

/s/ Anthony I. Paronich