UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THOMAS GEBKA, an individual, on behalf of himself and all others similarly situated, | * * * * * * | |
| v. | * | Misc. Case No. 1:21-mc-91391-IT |
| EVERQUOTE, INC. | * * * | |

MEMORANDUM AND ORDER

July 23, 2021

TALWANI, D.J.

Thomas Gebka, the Plaintiff in Gebka v. Allstate Insurance Co., Civil Action No. 1:19-cv-06662, N.D. Ill. (the "underlying action"), filed a Motion to Compel [#1] EverQuote, Inc., to comply with a records subpoena served in this District and a Motion to Transfer [#3] that motion to the United States District Court for the Northern District of Illinois (the "issuing court"). Gebka contends that transfer should be allowed under Federal Rule of Civil Procedure 45(f) because of exceptional circumstances. Mot. Transfer 5-8 [#3]. EverQuote, which is not a party in the underlying action, opposes both motions. For the reasons that follow, Plaintiff's Motion to Transfer [#3] is DENIED and Plaintiff's Motion to Compel [#1] is DENIED without prejudice.

I. Background

Plaintiff filed the underlying action in 2019 alleging Allstate Insurance Company ("Allstate") and its agencies "engaged in an illegal telemarketing scheme to advertise Allstate insurance via unsolicited telephone calls to persons who had no prior relationship with Allstate" in violation of the Telephone Consumer Protection Act ("TCPA"). Mot. Transfer 2 [#3]. Plaintiff

alleges that while the underlying action was pending, EverQuote provided Allstate with the information Plaintiff provided during a prerecorded/artificial call he received, and that Allstate used that information to contact him in violation of the TCPA. Id.

On October 13, 2020, Plaintiff served EverQuote in this District with a records subpoena requiring compliance in this District. Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action [#1-2].

On May 20, 2021, Plaintiff was granted leave to file an amended complaint in the underlying action. No. 1:19-cv-06662, Minute Order [#94]. Allstate responded with a Motion to Dismiss for Failure to State a Claim, No. 1:19-cv-06662, [#96], and that motion is pending before the issuing court.

Plaintiff also moved to amend the scheduling order to obtain additional discovery, including the discovery it seeks from EverQuote, and Allstate moved to stay the underlying action. Mot. Transfer 2-3 [#3]. The issuing court granted the motion to amend the scheduling order, and denied the motion to stay as moot. No. 1:19-cv-06662, Minute Order [#101].

On June 9, 2021, Plaintiff initiated this proceeding to compel EverQuote to produce documents responsive to the subpoena, and moved pursuant to Fed. R. Civ. P. 45(f) to transfer the motion to compel to the issuing court. Plaintiff asserts that "exceptional circumstances" warrant transfer to, and adjudication by, the issuing court. EverQuote opposes the transfer, arguing Plaintiff failed to show "exceptional circumstances." Opp'n Mot. Transfer [#12]. EverQuote also opposes the Motion to Compel [#1] on various grounds, including that Plaintiff failed to comply with the Local Rules.

II. Motion to Transfer

A. Legal Standard

Federal Rule of Civil Procedure 45(c)(2) provides that a subpoena for documents may command production "within 100 miles of where the person resides . . . or regularly transacts business in person." Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions, including motions to compel, are to be filed in the district court where compliance is required. Rule 45(f) allows transfer of subpoena-related motions to the court where the underlying action is pending "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

The Advisory Committee Notes reinforce the narrow authority for transfer.

> In the absent of consent, the court may transfer in exceptional circumstances . . . . The prime concern should be avoiding burdens on the local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions . . . . Transfer is appropriate only if [the interests advanced by the proponent of the transfer] outweigh the interest of the nonparty served with the subpoena in obtaining local resolution of the motion.

2013 Advisory Comm. Notes Rule 45(f).

The Advisory Committee Notes also give examples of what may constitute exceptional circumstances:

> transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.

Id. It is the proponent of the motion to transfer the subpoena-related motion that bears the burden of showing that exceptional circumstances exist. Id.

B. Discussion

EverQuote is a Massachusetts-based company, incorporated in Delaware, with its

principal place of business and headquarters in Massachusetts. Opp'n Mot. Transfer 3 [#12]. Accordingly, Rule 45 provides that both compliance with the subpoena and subpoena-related motion practice shall occur in the District of Massachusetts unless EverQuote consents to transfer or Gebka shows that exceptional circumstances exit.

EverQuote does not consent to transfer. Id. at 5.

Plaintiff contends that the following interests weigh in favor of transfer: (1) the risk this court's ruling on the Motion to Compel [#1] could be inconsistent with rulings of the issuing court, Mot. Transfer 5 [#3]; (2) the issuing court is more familiar with the issues in the underlying action and those issues are relevant to the Motion to Compel [#1], id. at 6; (3) having different courts resolve the Motion to Compel [#1] and the motions pending before the issuing court could interfere with the issuing court's case management in the underlying action, id.; and (4) the issuing court has already ruled on some of the issues presented in the subpoena, id at 8. Plaintiff asserts further that transferring the Motion to Compel [#1] will not unduly burden or prejudice EverQuote. Id. at 8-9.

The court begins with the asserted risk of inconsistent rulings and potential disruption to the management of the underlying action. This risk as to prior rulings is minimal so long as counsel provides the court unembellished factual information regarding the issuing court's existing case management schedule and orders, rather than predictions of future rulings.[1] The risk of future overlapping rulings exists every time a party litigates a subpoena-related motion before a court other than the issuing court; accordingly, this does not constitute an exceptional

---

[1] Plaintiff argues, for example, that "[i]t is thus now a certainty that the Northern District of Illinois will extend the scheduling order to allow Plaintiff time to obtain discovery related to the prerecorded calls." Mot. Transfer 6 [#3]. The Magistrate Judge's order stated that he would "set a schedule for the completion of any remaining discovery after the District Court resolves defendant's pending motion to dismiss." No. 1:19-cv-06662, Minute Order [#101].

circumstance. Moreover, this is not a case where Plaintiff has served multiple subpoenas seeking similar documents in different jurisdictions such that "the same issues are likely to arise in discovery in many districts." 2013 Advisory Comm. Notes Rule 45(f).

Plaintiff's argument that the issuing court is better positioned to resolve the Motion to Compel [#1] because of its familiarity with the procedural and substantive aspects of the underlying action also fails to support a finding of exceptional circumstances. As a general matter, a Rule 45 subpoena-related motion will always be resolved by a court that is less familiar with the underlying litigation than the issuing court. Isola USA Corp. v. Taiwan Union Technology Corp., No. 15-mc-94003-TSH, 2015 WL 5934760, at *3 (D. Mass. June 18, 2015) ("Isola's argument [that the issuing court's familiarity with the underlying litigation amounted to exceptional circumstances] would eviscerate the protection Rule 45 provides to local nonparties.").

Plaintiff's argument that the issuing court has already "implicitly ruled the subpoena is proper" and, thus, has ruled on an issue in the Motion to Compel [#1] is unconvincing. Plaintiff cites to electronic orders from the issuing court giving leave to Plaintiff to amend the complaint, No. 1:19-cv-06662, Minute Order [#77], dismissing Allstate's motion to stay as moot, No. 1:19-cv-06662, Minute Order [#101], and granting Plaintiff's motion to amend the scheduling order, id. The issuing court's orders do not discuss or reference the subpoena to EverQuote, id., and Allstate's motion to stay discovery between the parties also made no mention of the subpoena. Allstate's No. 1:19-cv-06662, Mot. to Stay [#64]. While Gebka's motion to amend the complaint and to amend the scheduling order did disclose that a subpoena had been served, it did not seek the issuing court's resolution of any dispute concerning the subpoena. See No. 1:19-cv-06662, Mot. Amend Complaint ¶¶ 6, 18 [#58] ("Plaintiff already began the process of obtaining

discovery about the new calls by issuing subpoenas to the third-party marketing vendor and the Mississippi Allstate agency."); No. 1:19-cv-06662, Mot. Amend Discovery Schedule ¶¶ 11-12 [#60] ("Plaintiff already began [the] process [of seeking discovery from third-parties] by issuing subpoenas to Everquote and the Mississippi Allstate agency."). Accordingly, where the issuing court has not ruled on the issues in the Motion to Compel [#1], this argument also fails to demonstrate exceptional circumstances.

In sum, the court finds that the interests advanced by Plaintiff do not weigh strongly in favor of transfer.

Gebka's argument that the burden on EverQuote is negligible also does not support exceptional circumstances. Gebka argues that EverQuote conducts business nationwide and has both prosecuted and defended litigation throughout the country and that there are means by which inconvenience to EverQuote's counsel could be minimized. Mot. Transfer 8 [#3]. EverQuote counters that "the bulk of EverQuote personnel with access to its business records, electronically stored information and systems" are stored in Massachusetts. Opp'n Mot. Transfer 11 [#12]. EverQuote is a nonparty to this litigation and, thus, where it has articulated that it would be burdened by having to litigate this subpoena in a different jurisdiction, the court finds no exceptional circumstances justify the transfer. See Advisory Comm. Notes Rule 45(f) (The "prime concern" in determining whether to transfer a subpoena-related motion is to avoid an undue burden on the subpoenaed nonparty.).

The court finds that Gebka has not met his burden to show that transfer is warranted.

## III. Motion to Compel

EverQuote argues that Gebka's Motion to Compel [#1] should be denied because it does comply with comply with Local Rule 37.1, Opp'n Mot. Compel 6-8 [#13]; the court agrees and

denies the Motion to Compel [#1] without prejudice.

Not only did Gebka fail to include the required Local Rule 37.1 certificate in his Motion to Compel [#1], his motion also fails to comply with the substance of the rule.

Local Rule 37.1(a) requires before filing any discovery motion that "counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the conference. Conferences may be conducted over the telephone." EverQuote states that, except for email correspondence, counsel for Gebka and EverQuote have not "conferred orally at all regarding the Subpoena and the subject matters before the Court since December 2020." Opp'n Mot. Compel 7 [#13]. Moreover, EverQuote asserts the Parties have not "met and conferred on many of the requests . . . that are the subject of the Motion at all." Id. If Gebka elects to file a second motion to compel, his counsel must confer with counsel for EverQuote prior to such filing and counsel shall endeavor to narrow the areas of disagreement.

Local Rule 37.1(b)(4) and (5) also requires the party filing a discovery motion to "state with particularity" the following:

> (4) Each interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto; and
>
> (5) A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each

contested item.

L.R. 37.1(b)(4) and (5).[2]

Once Gebka and EverQuote's counsel have conferred pursuant to Local Rule 37.1(a), Gebka may file a renewed discovery motion in accordance with this order.

## IV. Conclusion

For the aforementioned reasons, Plaintiff's Motion to Transfer [#3] is DENIED and Plaintiff's Motion to Compel [#1] is DENIED without prejudice.

IT IS SO ORDERED.

Date: July 23, 2021

/s/ Indira Talwani
United States District Judge

[2] L.R. 37.1(c) requires the opposing party to conform with the requirements of subsection (b)(5) in its memorandum in opposition to any discovery-related motion.